Filed 3/16/26  P. v. Padilla CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JULIE JESSICA PADILLA,<br><br>Defendant and Appellant. | 2d Crim. No. B338640<br>(Super. Ct. No. SM109835)<br>(Santa Barbara County) |

Julie Jessica Padilla appeals from an order denying her petition seeking resentencing of her first degree murder conviction (Pen. Code,[1] § 1172.6).  She contends the trial court erred in denying the petition at the prima facie stage because the record of conviction does not conclusively refute she could have been convicted under a now invalid theory of murder.  We affirm.

_____

[1] Further unspecified statutory references are to the Penal Code.

FACTUAL AND PROCEDURAL HISTORY[2]

In 1998, Padilla and codefendants, Linda Gaye Achterberg and Jose Luis Estrada, Jr., drove Mona Masters to a remote location.  Achterberg was driving the car.  When they stopped, Padilla and Estrada got out of the car, laid Masters on the ground, doused her with gasoline, and lit her on fire.

Padilla and her codefendants were charged with the "willful, deliberate, premeditated murder" of Masters (§ 187, subd. (a); count 1) with special circumstance allegations of torture (§ 190.2, subd. (a)(18)) and kidnapping-murder (§ 190.2, subd. (a)(17)), and kidnapping (§ 207, subd. (a); count 2).  The complaint further alleged that Padilla served a prior prison term (§ 667.5, subd. (b)).

*Plea hearing*

In December 2000, Padilla pleaded no contest to first degree "willful, deliberate, premeditated murder" (§§ 187, subd. (a), 189, subd. (a)).  When asked if she admitted that "in the commission of this murder, it was not only intentional, but it involved an infliction of torture," Padilla responded, "I can't do that" and "I admit that they did it."  When asked again, Padilla said "I admit that I was there when they did it."  The court said, "That's not sufficient.  I can't accept this plea."  The court clarified that it was "not trying to coerce" Padilla, but it explained that if "you were there and didn't participate, then you're not responsible for the acts of the others. . . . You're not guilty of the special allegation.  And without . . . the special allegation, there's no first-degree murder warranting life without the possibility of parole."  The court further explained the People's theory was that

---

[2] Because Padilla pleaded no contest, our factual summary is taken from the probation report and preliminary hearing.

2

Estrada lit the match and that she aided and abetted the murder, but if she "believe[d] that [she was] not responsible for the acts of Estrada, [she was] not guilty. Not of that special allegation."

After further discussion, Padilla advised her counsel that she would like to "avail herself . . . of this plea and would like to proceed." The prosecutor asked if Padilla admitted that the murder was "intentional and involved the infliction of torture" (§ 190.2 subd. (a)(18)). Padilla responded, "I admit." The court further asked, "And factually is it true? . . . Did you, Achterberg and Estrada inflict torture upon Mona Masters, intentionally killing her? Did you participate in that?" Padilla replied, "Yeah."

Padilla was sentenced to life without the possibility of parole. Pursuant to the plea agreement, count 2 and the other allegations were dismissed.

*Petition for resentencing*

In February 2024, Padilla petitioned for resentencing under section 1172.6., alleging that she could not presently be convicted of murder because of changes made to sections 188 and 189. Padilla argued that she could have been found guilty under a theory of murder where the intent to kill was imputed on her.

At the hearing, the trial court found Padilla was ineligible for resentencing and denied the petition.

DISCUSSION

Padilla contends the trial court erred in finding her ineligible for section 1172.6 relief because the record of conviction does not show she personally harbored the requisite intent to commit murder. We are not persuaded.

Senate Bill No. 1437 (2017–2018 Reg. Sess.) " 'amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that

3

murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' (Stats. 2018, ch. 1015, § l, subd. (f).)" (*People v. Gentile* (2020) 10 Cal.5th 830, 842, superseded on other grounds in *People v. Oyler* (2025) 17 Cal.5th 756, 836.)  Senate Bill No. 1437 allowed those convicted under the former law to petition to vacate their conviction and seek resentencing under the revised murder laws.  (§ 1172.6; *People v. Strong* (2022) 13 Cal.5th 698, 708 (*Strong*).)  To be eligible for relief, the petitioner must make a prima facie showing that they could not be presently convicted of murder under the changes to section 188 or 189.  (§ 1172.6, subd. (a)(3).)

　　If the petitioner makes a prima facie showing, the court shall issue an order to show cause and hold an evidentiary hearing.  (§ 1172.6, subds. (c), (d)(1).)  If, however, the court determines the petition and record of conviction conclusively establish that the petitioner is ineligible for relief, the trial court may dismiss the petition.  (*People v. Curiel* (2023) 15 Cal.5th 433, 450.)

　　The prima facie inquiry under section 1172.6, subdivision (c) is "limited."  (*People v. Lewis* (2021) 11 Cal.5th 952, 971.)  The trial court takes the petitioner's " ' "factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if [their] factual allegations were proved.  If so, the court must issue an order to show cause." ' [Citations.]" (*Ibid*.)  In reviewing the record of conviction at this stage, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'  [Citation.]" (*Id*. at p. 972.)  If, however, " 'the record, including the court's

4

own documents "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' [Citations.]" (*Id.* at p. 971.) A court may deny a petition only if a person is ineligible for section 1172.6 relief as a matter of law. (*Strong, supra,* 13 Cal.5th at p. 708.)

We review de novo the trial court's decision to deny the section 1172.6 petition at the prima facie stage. (*People v. Harden* (2022) 81 Cal.App.5th 45, 52.) We may affirm a ruling that is correct in law on any ground. (*People v. Cortes* (2022) 75 Cal.App.5th 198, 204.)

Here, the trial court did not err in denying the resentencing petition. The record of conviction conclusively establishes Padilla is ineligible for relief as a matter of law. When Padilla pleaded no contest to first degree murder and admitted the torture-murder special circumstance, section 190.2, subdivision (a)(18) required proof that the "murder was intentional and involved the infliction of torture." (§ 190.2, subd. (a)(18).) Section 190.2, subdivision (c) further provided that if the person is not the actual killer, a "person . . . *who, with the intent to kill,* aids, abets, . . . or assists any actor in the commission of murder in the first degree" shall be subject to the same punishment if a special circumstance is present. (§ 190.2, subd. (c), italics added; *People v. Pearson* (2012) 53 Cal.4th 306, 322–323.) "Proof of a murder committed under the torture-murder special circumstance therefore requires proof of first degree murder, (§ 190.2, subd. (a)), [and] proof the defendant intended to kill and to torture the victim (§ 190.2, subd. (a)(18)) . . . ." (*People v. Davenport* (1985) 41 Cal.3d 247, 271, superseded by statute on another ground as

5

stated in *People v. Crittenden* (1994) 9 Cal.4th 83, 140 & fn. 14; *People v. Jennings* (2010) 50 Cal.4th 616, 647.)

The record here reflects Padilla expressly admitted that she and her codefendants "inflict[ed] torture upon Mona Masters, *intentionally* killing her." (Italics added.) Because Padilla, through her plea admission of the torture special circumstance allegation, expressly admitted she intended to kill Masters, she could not have been convicted under a theory of imputed malice. She is precluded from section 1172.6 relief as a matter of law.

DISPOSITION

The order denying Padilla's petition for section 1172.6 resentencing is affirmed.

NOT TO BE PUBLISHED.


BALTODANO, J.


We concur:


YEGAN, Acting P. J.


CODY, J.

6

Denise Hippach, Judge

Superior Court County of Santa Barbara

———————————————

Steven S. Lubliner, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Eric J. Kohm, Deputy Attorneys General, for Plaintiff and Respondent.